UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MB 1607, LLC,<br><br>                    Plaintiff,<br><br>-against-<br><br>MT. HAWLEY INSURANCE COMPANY,<br><br>                    Defendant. | Case No. 1:24-cv-07513 (JLR)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

      Plaintiff MB 1607, LLC ("Plaintiff") commenced this action against Mt. Hawley Insurance Company ("Mt. Hawley") alleging breaches of a property insurance policy issued by Mt. Hawley due to Mt. Hawley's refusal to pay for damages purportedly arising from a hurricane in Myrtle Beach, South Carolina. Dkt. 1-1. Mt. Hawley moves for leave to amend its Answer to add an affirmative defense of concealment, misrepresentation, or fraud. Dkt. 55. Mt. Hawley represents in its motion that Plaintiff opposes the motion, *id.* at 3, but Plaintiff did not file an opposition brief or otherwise indicate to the Court its opposition to the motion for leave to amend.

      Under Federal Rule of Civil Procedure ("Rule") 15, a party may amend a pleading once as a matter of course within a set time period, but if the deadline has passed or the party requests more than one amendment, the party "may amend its pleading only with the opposing party's written consent or the court's leave," which the "court should freely give . . . when justice so requires," Fed. R. Civ. P. 15(a)(2); *see id.* 15(a)(1). "However, the 'liberal amendment period ends if the district court issues a scheduling order that establishes a date after which no amendment will be permitted; in that case, amendment is permitted only if the movant shows 'good cause.'" *Esplanade 2018 Partners, LLC v. Mt. Hawley Ins. Co.*, No. 23-

1

cv-03592 (DEH), 2025 WL 307401, at *2 (S.D.N.Y. Jan. 27, 2025) (quoting *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 115 (2d Cir. 2021)); *see also* Fed. R. Civ. P. 16(b)(4).

Here, Mt. Hawley has demonstrated that good cause exists for leave to amend. "To determine if good cause exists, the Court must inquire into the movant's diligence in attempting to adhere to the established deadline." *Esplanade 2018 Partners*, 2025 WL 307401, at *2. "A party is not considered to have acted diligently where the proposed amendment is based on information that the party knew, or should have known, in advance of the motion deadline." *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174-75 (S.D.N.Y. 2014). Here, the deadline for seeking leave to amend the pleadings was November 29, 2024. Dkt. 53 at 2. However, Mt. Hawley did not start to learn of the relevant information until April 2025, and relevant disclosures and depositions took place in May and July 2025. Dkt. 55 at 2-3. *See, e.g.*, *Esplanade 2018 Partners*, 2025 WL 307401, at *3 (granting leave to amend where "none of the information that [d]efendant relie[d] on here was known prior to discovery"); *Summerwind W. Condo. Owners Ass'n v. Mt. Hawley Ins. Co.*, No. 22-cv-03165 (JPC), 2023 WL 8307561, at *4 (S.D.N.Y. Dec. 1, 2023) (granting leave to amend where "[d]efendants lacked any basis in the earlier stages of this litigation to assert a fraud-based affirmative defense"). The record does not reflect undue delay, bad faith, or dilatory motive on behalf of Mt. Hawley.

The proposed amendment also does not appear to be futile. An affirmative defense that sounds in fraud, as here, must meet Rule 9(b)'s heightened pleading standard, which requires fraud claims to be pleaded with particularity and to "(1) detail the statements (or omissions) that the [party] contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022).

Mt. Hawley alleges that Plaintiff "provided incorrect, false, inaccurate, and incomplete information in connection with the insurance claim that is the subject of this dispute," Dkt. 55-2 at 15, and identifies the fraudulent submissions and when they occurred, *see id.* at 15-16. Taken as true, these allegations give rise to an inference of Plaintiff's intent to defraud Mt. Hawley, and the allegations of fraud are stated with sufficient specificity to satisfy Rule 9(b). *See Summerwind*, 2023 WL 8307561, at *5 (holding that allegations that plaintiff "specifically instructed" company to doctor a bid "to create the appearance it was generated after the hurricane" and then submitted a doctored bid gave rise to inference of intent to defraud); *Esplanade 2018 Partners*, 2025 WL 307401, at *3 (allegations that plaintiff claimed damage to a roof its contractor told plaintiff had not been damaged by the storm were not be futile).

Because Mt. Hawley has demonstrated good cause, the proposed amendment is not futile, and Plaintiff never raised any specific grounds for denying leave to amend, the Court GRANTS Mt. Hawley's motion for leave to amend. Mt. Hawley shall file its Amended Answer by August 29, 2025. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 55.

Dated: August 26, 2025
      New York, New York

                                                    SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge